**United States District Court for the District of Columbia**

| | |
|---|---|
| Jack R. Hairsine, an individual,<br>1141 McHenry Drive<br>Glen Burnie, Maryland  21061 | )<br>)<br>)   Civil Action No.<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| Bruce James, Public Printer of<br>   the United States<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C. | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |
| Serve: | )<br>) |
| Bruce James<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C.  20401 | )<br>)<br>)<br>)<br>) |
| United States Attorney<br>555 4th St., NW<br>Washington, DC  20001 | )<br>)<br>)<br>) |
| U.S. Attorney General<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530 | )<br>)<br>)<br>)<br>) |

COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT
IN VIOLATION OF TITLE VII

Plaintiff, Jack R. Hairsine, for his complaint against Defendant Bruce James, alleges:

   1.  This is an action for race discrimination in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

1

Jurisdiction and Venue

2.  This court has jurisdiction over this action pursuant to 28 U.S.C. §1346, because it is an action against an agency of the United States, and 28 U.S.C. §1331, because it arises under the laws of the United States, particularly 42 U.S.C. §2000e-16.

3.  Venue is proper in the United States District Court for the District of the District of Columbia, pursuant to 28 U.S.C. §1402(b), because all of the events giving rise to the claim occurred in the District of Columbia.

Parties

4.  Plaintiff Jack R. Hairsine is an individual who resides in Glen Burnie, Maryland. At all relevant times, Mr. Hairsine was employed by the United States Government Printing Office in Washington, D.C.

5.  Defendant Bruce James is sued in his official capacity as the Public Printer of the United States and head of the United States Government Printing Office ("GPO"). The claims alleged herein arise out of the failure and refusal of responsible management officials of Defendant, to promote Mr. Hairsine to one or more of three positions within the GPO for which Mr. Hairsine was qualified.

Administrative Remedies

6. Plaintiff has exhausted his administrative remedies pursuant to Title VII, in that plaintiff submitted to and cooperated fully with the Equal Employment Opportunity counseling procedure, filed a formal complaint with the agency EEO office in or about September 3, 2004, and received an adverse decision from the agency within the past 90 days.

Facts

7. The Plaintiff, Jack R. Hairsine, is a Caucasian man, who, at all relevant times, has been employed as an offset stripper in the Copy Prep Unit, Pre-Press Section ("PPS") of the Electronic Printing Division ("EPD"), within the Production Department ("PD") of the GPO. Plaintiff's position is a skilled printing position, consisting generally of preparing documents such as the Congressional Record and Federal Register for correction or input by other sections. Plaintiff has held this position for 21 years.

8. Plaintiff is informed and believes, and based thereon alleges, that the make-up of the personnel of Copy Prep Unit is approximately 60% African American and 40% Caucasian; and that the make-up of the other sections within EPD is 50% or more African American. Plaintiff is informed and believes, and based thereon alleges, that the selection process within the Copy Prep Unit, and within any other relevant department of GPO, has at all relevant times been biased against Caucasian employees.

9. Fred Hall was formerly the foreperson of Copy Prep Unit, but did not hold a position in that section at the time of the selections. Mr. Hall is African American. Plaintiff is informed and believes, and based thereon alleges, that Mr. Hall has had a preference for African Americans in his selection and promotion practices, during the time that he was foreperson of PPS, and at all relevant times.

10. Dannie Young was the Assistant Production Manager in the PD, and was Mr. Hall's immediate superior. In or about April, 2004, Mr. Young assigned and delegated to Mr. Hall the task of preparing the vacancy announcements for three positions, two "Head Deskperson" positions, Vacancy Announcements 04-161 and 04-162, and one "Group Chief" position, Vacancy Announcement 04-163 (collectively, "the positions").

11. Mr. Young assigned and delegated to Mr. Hall the task of making the recommendation for selection for each of the positions. Mr. Hall was effectively the selecting

3

official, because no interviews were conducted, and the selections were made on the basis of Mr. Hall's purported familiarity with the applicants.

12.  In or about May, 2004, Plaintiff learned that the position vacancies were going to be announced, and had conversations with the Superintendent of Production and one of his subordinates, Mike Emery, about fairness in the selection process.  Specifically, Plaintiff warned that Mr. Hall had not been fair in prior selections, and informed the officials of rumors of the identities of the persons who would be selected for the positions: Charles Brown (African American man), Sara Pitt (African American woman), and Fletcher Ruffin (African American man).

13.  On or about June 5, 2004, Plaintiff applied for promotion to the position of Head Deskperson in PPS/EPD, one of the positions (04-161).

14.  On or about June 5, 2004, Plaintiff applied for promotion to the position of Head Deskperson in PPS/EPD, one of the positions (04-162).

15.  On or about June 5, 2004, Plaintiff applied for promotion to the position of Group Chief in PPS/EPD, one of the positions (04-163).

16.   Despite being qualified for each of the positions, Plaintiff was not selected for any of the positions.

17.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff had substantially better qualifications for the positions than did at least two of the selectees.

18.  Plaintiff is informed and believes, and based thereon alleges, that the reasons given for the selection of at least two of the successful applicants were subjective, and were not appropriate for Mr. Hall to make because he was no longer the supervisor of the PPS.  In addition, the reasons given were demonstrably untrue.

19. Plaintiff is informed and believes, and based thereon alleges, that the selecting official(s) had, in fact or in effect, pre-selected the selectees for the positions.

20. Plaintiff is informed and believes, and based thereon alleges, that race was a substantial factor in the selection process for the positions.

21. Had Plaintiff been selected for any one of the positions, he would have accepted it.

22. Plaintiff is informed and believes, and based thereon alleges, that the job selections described above were the latest in a pattern of discriminatory job selections. Plaintiff had previously applied for promotion to the position of Group Chief in PPS/EPD in or about July, 1997, and despite being qualified for that position, and having had substantially better qualifications for the position than the selectee, Plaintiff was not selected for the position. Plaintiff is informed and believes, and based thereon alleges, that the selecting official(s) had, in fact or in effect, pre-selected the selectees for the positions.

23. Plaintiff has therefore sustained a loss of compensation in the full amount of the salary and benefits offered and paid to the successful candidate for the position, which, on information and belief, exceeds $10,000.00 annually.

First Claim for Relief

24. Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 as though fully set forth here.

25. Plaintiff Jack Hairsine was subjected to race discrimination, in that he was not selected for promotion to the position of Group Chief (Vacancy 04-163), for which he was qualified, the position was filled by a person not of his race, and, on information and belief, race was a substantial factor in the selection.

26. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, loss of earnings, emotional distress and upset, and

the expense of treatment of the emotional and physical symptoms of the emotional distress and upset.

### Second Claim for Relief

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 as though fully set forth here.

28. Plaintiff Jack Hairsine was subjected to race discrimination, in that he was not selected for promotion to the position of Head Deskperson (Vacancy 04-161), for which he was qualified, the position was filled by a person not of his race, and, on information and belief, race was a substantial factor in the selection.

29. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, loss of earnings, emotional distress and upset, and the expense of treatment of the emotional and physical symptoms of the emotional distress and upset.

### Third Claim for Relief

30. Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 as though fully set forth here.

31. Plaintiff Jack Hairsine was subjected to race discrimination, in that he was not selected for promotion to the position of Head Deskperson (04-162), for which he was qualified, the position was filled by a person not of his race, and, on information and belief, race was a substantial factor in the selection.

32. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, loss of earnings, emotional distress and upset, and

the expense of treatment of the emotional and physical symptoms of the emotional distress and upset.

WHEREFORE, Plaintiff prays:

1. For an injunction requiring that Defendant promote Plaintiff Jack R. Hairsine to the position of Group Chief, or Head Deskperson, or a comparable position, and for an award of future lost earnings and benefits equivalent to what Plaintiff would earn through the effective date of such promotion;

2. For an injunction requiring that Defendant prevent discrimination of the types to which Plaintiff has been subjected, and refrain from taking any adverse action against Plaintiff except for bona fide reasons which would not violate his rights to be free from discrimination;

3. For back pay and benefits in an amount to be proved at trial;

4. For general and special damages for emotional and physical distress, in an amount to be proved at trial;

5. For Plaintiff's reasonable attorneys' fees, interest, and costs of suit, at the prevailing rates in the District of Columbia; and,

6. For such other relief as the court deems just and proper.

                              Karr & Allison, P.C.


                              By:_____
                                  Theodore S. Allison (D.C. Bar #441089)
                                  1920 N Street, N.W., Suite 300
                                  Washington, D.C.  20036
                                  Telephone (202) 331-7600
                                  Attorneys for Plaintiff

8

Demand for Jury Trial

Plaintiff respectfully requests a trial by jury on all claims stated herein which by law may be tried to a jury, pursuant to the Constitution and Statutes of the United States, including but not

limited to 42 U.S.C. §1981a.

                    Karr & Allison, P.C.

                    By:_____
                        Theodore S. Allison (D.C. Bar #441089)
                        1920 N Street, N.W., Suite 300
                        Washington, D.C.  20036
                        Telephone (202) 331-7600

                    Attorneys for Plaintiff