UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACK R. HAIRSINE,          )
                           )
        Plaintiff,         )
                           )
        v.                 )    Civil No. 05-1884 (RMC)
                           )
BRUCE R. JAMES, PUBLIC PRINTER)
OF THE UNITED STATES       )
GOVERNMENT PRINTING OFFICE, )
                           )
        Defendant.         )
_____ )

## ANSWER

Defendant Bruce R. James, Public Printer of the United States Government Printing Office [GPO], by his undersigned attorneys, answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise states as follows:

1.  This paragraph contains plaintiff's characterization of this action to which no answer is required.  To the extent an answer is deemed required, deny.

### Jurisdiction and Venue

2.- 3.  These paragraphs contain plaintiff's legal

conclusions, to which no answers are required.  To the
extent answers are deemed required, deny.

<u>Parties</u>

4.- 5.  Admit.

<u>Administrative Remedies</u>

6.  Admit.

<u>Facts</u>

7.  Admit the first and third sentences, deny the
remainder of the paragraph, and aver that while in the past
pre-press unit offset strippers were considered to be
skilled positions, the nature of this position has changed
due to technological progress, vastly reducing the skill
level required to do this work.  Plaintiff's typical duties
involve reviewing images scanned by other sections, assuring
that the size of the image is correct, giving the image file
a name, and sending the image file on to other sections.

8.  Deny.

9.  Admit that Mr. Hall was the former foreperson of
Copy Prep, did not supervise the Unit at the time of the
selection, and is African American.  Defendant denies the
remainder of this paragraph and avers that Mr. Hall has no
racial biases or preferences.

10.  Admit the first sentence, deny the remainder of

2

the paragraph, and aver that Mr. Young directed GPO's Office of Human Capital to prepare the vacancy announcements for the three positions at issue.

11. Deny, and aver that Mr. Young asked Mr. Hall to review the selection materials of all the candidates and recommend selections for all three vacant positions at issue. Mr. Young considered Mr. Hall's recommendations, reviewed the selection materials himself, and then selected the three candidates for the three positions at issue in this lawsuit.

12. Deny, and aver that Mr. Schwenk and Mr. Emery cannot recall any such conversation with plaintiff.

13. Admit.

14. Admit.

15. Deny, and aver that plaintiff applied on June 8, 2004.

16. Admit.

17.- 20. Deny.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

22. Deny, except that defendant lacks knowledge or information sufficient to respond to whether plaintiff had

3

previously applied for the position of Group Chief in PPS/EPD in 1997, as the records of applicants for that position no longer exist.

23.  Deny.

### First Claim for Relief

24.  Defendant incorporates by reference his answers to paragraphs 1-23, above, as if set forth fully here.

25.- 26.  Deny.

### Second Claim for Relief

27.  Defendant incorporates by reference his answers to paragraphs 1-23, above, as if set forth fully here.

28.- 29.  Deny.

### Third Claim for Relief

30.  Defendant incorporates by reference his answers to paragraphs 1-23, above, as if set forth fully here.

31.- 32.  Deny.

The remainder of the Complaint consists of a prayer for relief, to which no response is required.  To the extent, however, that a response might be necessary, defendant denies that the plaintiff is entitled to any relief whatsoever, and also denies each and every allegation not previously admitted, denied, or otherwise qualified.  In particular, defendant denies that plaintiff is entitled to

4

recover any damages in connection with the actions alleged in the Complaint. However, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226