```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


JACK R. HAIRSINE,                )
                                 )
          Plaintiff,             )
                                 )
          v.                     )   Civil Action No. 05-1884 (RMC)
                                 )
BRUCE R. JAMES, PUBLIC PRINTER   )
OF THE UNITED STATES             )
GOVERNMENT PRINTING OFFICE       )
                                 )
          Defendant.             )
_____)
```

DEFENDANT'S UNOPPOSED MOTION FOR A PRIVACY PROTECTIVE ORDER

In this case against defendant Bruce R. James for alleged discrimination by the United States Government Printing Office [GPO] under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., plaintiff seeks certain information and documents relating to other employees of the GPO which he believes is relevant to the actions allegedly taken against him.  Defendant believes that certain of this information may implicate the privacy of third parties.  In order to permit the parties to use information relevant to this case without violating the privacy rights of third parties, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 5 U.S.C. § 552a(b)(11), defendant respectfully moves this Court to enter an order protecting the use of certain materials sought by plaintiff

through discovery.

Additionally, defendant seeks from plaintiff certain medical information and other information related to plaintiff's damages claim which plaintiff believes is sensitive. Accordingly, the proposed Protective Order would also allow plaintiff to designate certain materials subject to the Order. A proposed order accompanies this motion.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


JACK R. HAIRSINE,                )
                                 )
        Plaintiff,                )
                                 )
        v.                        )   Civil Action No. 05-1884 (RMC)
                                 )
BRUCE R. JAMES, PUBLIC PRINTER)
OF THE UNITED STATES             )
GOVERNMENT PRINTING OFFICE       )
                                 )
        Defendant.                )
_____)

         MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
        OF DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

    In this case against defendant Bruce R. James for alleged discrimination by the United States Government Printing Office [GPO] under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., plaintiff seeks certain information and documents relating to other employees of the GPO which he believes is relevant to the actions allegedly taken against him.  However, because this information may implicate the privacy rights of third parties, defendant does not want to be in the position of producing information or documents to plaintiff for use in this proceeding which could embarrass or intrude upon the privacy of such third parties.

    Although the Privacy Act does not apply to the Government Printing Office, as a matter of policy that agency currently follows the provisions of that Act.  The Privacy Act limits the disclosure of "any item, collection, or grouping of information

about an individual that is maintained by an agency. . . ." 5 U.S.C. § 552(a)(4). The purpose of this section is to protect individuals against the invasion of their personal privacy. <u>See generally</u> <u>Johnson</u> v. <u>IRS</u>, 700 F.2d 971, 975 (5th Cir. 1983). Accordingly, the Privacy Act carefully sets forth only twelve circumstances under which an agency may disclose records subject to the Act, including allowing disclosure "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

When the Privacy Act is implicated in the context of civil discovery, the Court of Appeals for this Circuit has stressed that a District Court's supervisory responsibilities may be "weightier than in the usual discovery context." <u>Laxalt</u> v. <u>McClatchy</u>, 809 F.2d 885, 889 (D.C. Cir. 1987). The special treatment of records subject to the Privacy Act stems from congressional recognition of their unique character:

> [S]tatutory publication shelters may have some application to discovery. These protected interests reflect a congressional judgment that certain delineated categories of documents may contain sensitive data which warrants a more considered and cautious treatment.

<u>Id.</u> (quoting <u>Friedman</u> v. <u>Bache Halsey Stuart Shields, Inc.</u>, 738 F.2d 1336, 1344 (D.C. Cir. 1984)). Consequently, the District Court is accorded discretion through appropriate protective orders to avoid a threat to "the interests protected by statutory publication bans." <u>Id</u>.

Accordingly, defendant requests that the Court enter the

accompanying order, which will allow plaintiff access to certain information and records that he seeks and yet avoid placing information with privacy implications like those covered by the Privacy Act unnecessarily on the public record.

Plaintiff's counsel informed defense counsel that this motion will not be opposed.

Additionally, defendant seeks from plaintiff certain medical information and other information related to plaintiff's damages claim which plaintiff believes is sensitive. Accordingly, the proposed Protective Order would also allow plaintiff to designate certain materials subject to the Order.

                              Respectfully submitted,

                              KENNETH L. WAINSTEIN, D.C. BAR #451058
                              United States Attorney

                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

                              MARINA UTGOFF BRASWELL, DC BAR #416587
                              Assistant United States Attorney
                              U.S. Attorney's Office
                              555 4th Street, N.W. - Civil Division
                              Washington, D.C. 20530
                              (202) 514-7226

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


JACK R. HAIRSINE,              )
                               )
       Plaintiff,              )
                               )
       v.                      )  Civil Action No. 05-1884 (RMC)
                               )
BRUCE R. JAMES, PUBLIC PRINTER )
OF THE UNITED STATES           )
GOVERNMENT PRINTING OFFICE     )
                               )
       Defendant.              )
_____)
```

## PROTECTIVE ORDER

In this case against defendant Bruce R. James for alleged discrimination by the United States Government Printing Office [GPO] under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., plaintiff seeks certain personnel and other information and documents which defendant believes may implicate the privacy rights of third parties.  Additionally, defendant seeks certain information from plaintiff that plaintiff believes is entitled to privacy protection.  In order to permit the parties to use information relevant  to this case without violating the privacy rights of individuals relevant to this case, it is hereby

ORDERED, that the following procedures shall be followed:

1.  If defendant or plaintiff regards any of the information or records requested through discovery as invasive of an individual's personal privacy and subject to this Order, the party in possession of the requested information shall identify

such information or records in the discovery response or in a cover letter transmitted to the opposing party's counsel with the information or records produced.

2. Pursuant to Local Rule 5.2, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, with the Clerk.

3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information subject to this Protective Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact the information subject to this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> "This envelope contains documents which are filed in this case by [name of party] and is not to be opened except pursuant to order of the Court."

4. The right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties, paralegals and expert witnesses in their employ,

witnesses whose depositions have been noticed who may be questioned about the material, and any other person mutually authorized by all counsel to examine such materials.  Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.

    5.  Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the Court or stipulation of the parties.  This provision, however, does not prohibit the party who produced the materials from making any lawful use of such materials.

    6.  All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the party producing the information within sixty (60) days of the conclusion of all trial and appellate proceedings in this case.  If the documents are destroyed, counsel for the party in possession of the material shall so notify counsel for the party producing the material, in writing.

    7.  Nothing contained in this Order shall be construed as precluding plaintiff or defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case.

    8.  Any specific part or parts of the restrictions imposed

by this Protective Order may be terminated at any time by a letter from counsel for the producing party or by an Order of the Court.  This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.  This Order is also without prejudice to a party's right to object to a designation under this Order.  The material subject to such an objection shall remain protected by this Order unless the Court rules otherwise.

    The Clerk shall send copies of this Order to all counsel of record.

    It is so ORDERED by the Court this ____ day of _____, 2006.

                                                                                      UNITED STATES DISTRICT JUDGE

COPIES TO:


MARINA UTGOFF BRASWELL
Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530


THEODORE S. ALLISON, Esq.
Karr & Allison, P.C.
1920 N Street, N.W., Suite 300
Washington, D.C. 20036