# WITNESS' AFFIDAVIT

I, **FREDERICK G. HALL,**

am an ____ employee of ___ applicant to _x_ former employee of the U.S. Government Printing Office:

(Agency)

(Office) Production Department

(Division) Electronic Photocomposition Division

(Branch) Digital Press Section

Located in (CITY AND STATE) Washington, DC

In the capacity of (show both your organization title and the classification of your job, if different): Supervisor of Printing

Grade _14_ between _2003_ and _November 10, 2004_.
Telephone number during working hours is: Retired.

I HAVE BEEN ADVISED OF THE FOLLOWING:

I am required by Federal regulations and Government Printing Office policy to cooperate fully and promptly with the investigator who has been assigned to conduct a thorough and impartial investigation into a complaint of discrimination against the Government Printing Office. I must provide a statement for the investigative report which is true and complete to the best of my knowledge and which discloses all of my firsthand knowledge having a bearing on the merits of the complaint. My statement is provided under oath (or affirmation), without a pledge of confidentiality, in accordance with Equal Employment Opportunity Commission rules and regulations and Government Printing Office policy. This means that any employee(s) whom I accuse of discrimination or other acts of impropriety may be shown relevant portions of my affidavit and be provided an opportunity to respond for the record. In addition, the complainant and the appropriate Departmental officials involved in the EEO complaint process will receive the entire investigative file. I have the right to review my statement prior to signing it and may make initialized corrections if it is incomplete or inaccurate. I have the right to receive a copy of the signed

000064

Tab F-2
Page __1__ of __10__ Pages

statement.

_____
(Initials)

Having been advised of the above information about my role as a witness in the investigative process, I solemnly swear the statement which follows is true and complete to the best of my knowledge and belief, and addresses the issues and concerns raised with me by the investigator.

I am an African American male and I retired from the U.S. Government Printing Office (GPO) on November 10, 2004. The last position I served in was Supervisor of Printing in the Production Department in Washington, D.C. I held this position for about a year and a half before I retired. I was employed with GPO for thirty eight years. I served in a supervisory capacity since 1976.

My duties were supervising the delivery of production and I also oversaw the production of Congressional Agency job requests. In addition, I was responsible for tracking jobs and ensuring jobs were delivered on time.

I was not the Selecting Official for the following positions: Head Deskperson, under vacancy announcement numbers 04-161 and 04-162; Group Chief, under vacancy announcement number 04-163. Danny Young was the Selecting Official. Mr. Young consulted me and asked me to make a recommendation from the applicant pool. I was asked to make the recommendation because I had been a part of the unit since 1971 and served as a supervisor since 1976. I was not a supervisor of the Production Department at the time the applications were presented to me. I believe I was also asked to make a recommendation because I was familiar with the capabilities of the applicants and I had a grasp of who could perform the required tasks. All of the selectees and some of the applicants performed some if not all of the duties prior to the position being advertised.

Mr. Young provided a copy of all of the applications including Mr. Hairsine's. After I reviewed the applications, I chose who I believed to be the Best Qualified out of those candidates and Mr. Hairsine was not one of them. All of the applications that I reviewed, I believe the candidates

were qualified. The selectees (three) were all African-American. Race was not used as a factor when I made the recommendations to Mr. Young.

I supervised Mr. Hairsine for a few years while he and I were on the midnight or third shift. We used to interact on a daily basis.

Over the course of my tenure with GPO, I have served on numerous panels which was either a Selection or Promotion Panel. I was asked to serve after I initially volunteered in 1976. I was only asked to serve on a panel in which

(Initials)

I was familiar with the functions of the office such as EPD and Pre Press. I was never asked to serve on a panel concerning the functions of the Binding department because I was not familiar with that unit.

I vaguely remember a conversation with Mr. Hairsine concerning his nonselection for the advertised positions. I also do not recall if I have ever seen Mr. Hairsine's application for advertised positions in the Production Department until the recent positions he applied for.

I have promoted approximately five White employees during my tenure. All but one of the employees are still working for GPO. The others have retired.

I have reviewed this statement, which consists of these _____ pages, and hereby solemnly ___ swear or ___ affirm that it is true and complete to the best of my knowledge and belief. I understand that the information I have given will not be held confidential and may be shown to the interested parties as well as made a permanent part of the record of investigation.

_____  12/15/04
Signature of Affiant)                (Date)

Signed before me at (City and State)
_Washington, DC_

On this _15th_ day of _December_, 2004.

_Sharon R. Rice_
(Signature of Investigator/Witness)

(Initials)